IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO P. SHAW, JR.,

                      Petitioner,

v.

CHRIS BUESGEN,

                      Respondent.

OPINION and ORDER

24-cv-119-jdp

---

      Antonio P. Shaw, Jr., appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2019 judgment of conviction for possession of a firearm and possession of THC, entered in LaCrosse County Case No. 2017CF797. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

      Shaw contends that the trial court erred in denying his suppression motion, in which he contended that the police had no reasonable suspicion to pull him over for a vehicle window tint violation. Shaw had a hearing on the motion at which the three officers involved in the vehicle stop all testified. Reviewing Shaw's claim *de novo* on appeal, the Wisconsin Court of Appeals concluded that the police officers' testimony established reasonable suspicion of a window tint violation. *State v. Shaw*, No. 2021AP1221-CR, 2022 WL 3972048 (Wis. Ct. App. Sept. 1, 2022), *review denied*, 2023 WI 7, 998 N.W.2d 133. In his habeas petition, Shaw restates the arguments that the Wisconsin Court of Appeals rejected. Dkt. 1, at 5–6.

I will dismiss Shaw's petition because the type of challenge he raises here is not allowed in a § 2254 petition. Under *Stone v. Powell*, 428 U.S. 465 (1976), litigants generally cannot relitigate motions to suppress in habeas proceedings. Courts have concluded that the "exclusionary rule" should not be used to grant habeas relief because that would not significantly serve the purpose of the exclusionary rule: deterring improper police conduct. *Hampton v. Wyant*, 296 F.3d 560, 562 (7th Cir. 2002) (citing *Stone*, 428 U.S. at 493–95). There is a narrow exception to *Stone*'s bar "when the State has failed to provide the habeas petitioner 'an opportunity for full and fair litigation of a Fourth Amendment claim.'" *Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007) (quoting *Stone*, 428 U.S. at 482). A criminal defendant receives a full and fair opportunity to litigate if (1) he has clearly informed the state court of the factual basis for that claim; (2) the state court carefully and thoroughly analyzed the facts; and (3) the court applied the proper constitutional case law to the facts. There is no indication from Shaw's petition or the available state-court records that suggest that the circuit court did not meet this standard. Shaw thinks that the state-court decision was incorrect, and the point is an arguable one. But that is not enough to entertain a habeas petition on a suppression issue. Accordingly, I will dismiss Shaw's petition.

ORDER

IT IS ORDERED that:

1. Antonio P. Shaw's petition for writ of habeas corpus is DISMISSED.

2. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered October 7, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge